## JESSE HARRIS v. STATE.

No. A-1295.	Opinion Filed February 3, 1912.

Appeal from Harmon County Court; C. W. King, Judge.

PER CURIAM. On the 8th day of May, 1911, judgment was pronounced against appellant for a violation of the prohibitory liquor law and his punishment was assessed at a fine of fifty dollars and thirty days' confinement in the county jail. At the time of the rendition of the judgment there was no order extending the time for serving the case-made beyond the thirty days allowed by law but there was an order giving appellant sixty days in which to perfect the appeal to this court. The case-made was not served until the 18th day of July, 1911, which was more than thirty days provided by law in which this should be done. The transcript of the record was not filed in this court until the 4th day of August, 1911, which was after the expiration of the sixty days allowed by the court in which the appeal should be perfected. This court therefore did not acquire jurisdiction of the case and the appeal is dismissed, with direction to the county court of Harmon county to proceed with the execution of its judgment.

## POLK HOLLEY v. STATE.

No. A-1299.	Opinion Filed February 3, 1912.

Appeal from Greer County Court; Jarret Todd, Judge.

B. F. Van Dyke, for appellant.

Smith C. Matson, Asst. Atty. Gen.; for the State.

PER CURIAM. On the 26th day of April, 1911, judgment was rendered against appellant in the county court of Greer county, for a violation of the prohibitory liquor law, and his punishment was assessed at a fine of two hundred and fifty dollars and sixty days' confinement in the county jail. The appeal was not perfected by filing the record in this court until the 7th day of August, 1911, which was more than sixty days after the rendition of the judgment. The Legislature has seen fit to direct that in misdemeanor cases the appeal must be perfected within sixty days after the date of judgment, and has vested the county judge with authority to extend sixty days additional time in which this may be done. Counsel for appellant never applied to the county judge of Greer county for an order extending the time in which he might perfect his appeal, and no such order appears in the record. The court has no power to make such an order except upon motion of counsel for a defendant. If counsel for a defendant see fit to allow the time for perfecting an appeal to expire before applying for and securing an order extending such time, they have no one but themselves to blame. If after such time has expired, an attempted appeal will fail. We cannot do otherwise than sustain the motion of the Attorney General to dismiss this appeal, upon the ground that it was filed too late, and that this court has never acquired jurisdiction of the case. The appeal is therefore dismissed with directions to the county court of Greer county to proceed with the execution of its judgment.